UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IESHIA D. BARNES,

                    Petitioner,                Case No. 2:18-cv-12234
                                                       Hon. Arthur J. Tarnow

v.

SHAWN BREWER,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Ieshia D. Barnes ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted in the Oakland Circuit Court after a jury trial of operating a motor vehicle while intoxicated – causing death, MICH. COMP. LAWS § 257.625(4), and after a no contest plea of three counts of operating a motor vehicle while intoxicated – causing serious injury. MICH. COMP. LAWS § 257.625(5). Petitioner was sentenced to the maximum possible sentence for the causing death conviction of 10 to 15 years' imprisonment, and she was sentenced to concurrent terms of 2 to 5 years' imprisonment for the other convictions.

The petition raises one claim: Petitioner's 10 to 15 year sentence is disproportionate to her crime, and her counsel was ineffective for failing to challenge the score of the sentencing guidelines.

For the reasons stated below, the Court will deny the petition and deny a certificate of appealability. The Court will, however, grant Petitioner leave to appeal in forma pauperis should she chose to appeal this decision.

## I. Background

The Michigan Court of Appeals summarized the facts surrounding Petitioner's offenses as follows:

> Defendant, while intoxicated with a blood alcohol level of around .155, operated a motor vehicle, barreled through a busy city intersection against a red light and around stopped traffic at an excessive rate of speed, and then slammed into a minivan, causing serious injuries to three of the minivan's occupants and the death of the minivan's driver's three-year old daughter.
>
> ***
>
> Aside from the death of the three-year-old girl, who suffered a fractured skull and bleeding on the brain that led to her death, the driver's two-year-old nephew suffered serious head, neck, and leg injuries, along with severe emotional anxiety and stress, as a result of the crash. In addition, the nephew's growth plates were damaged, which will physically affect him for the remainder of his life. The driver herself suffered two broken ribs, a pelvic fracture, and two fractured vertebrae; she had two screws placed in her pelvis and suffers continuing pain.

*People v. Barnes*, 2017 WL 2791049, at *1, 2 n 2 (Mich. Ct. App. June 27, 2017).

At Petitioner's sentencing hearing, the parties acknowledged that the sentencing guidelines were only advisory. Dkt. 6-9, at 4. Defense counsel indicated that Offense Variable 17 should have been scored at 0 or 5 points instead of 10 points because in acquitting Petitioner of second-degree murder, there was no finding by the jury that Petitioner possessed a reckless disregard for life at the time of the offense. Id. at 4. The prosecutor noted that even with the correction, Petitioner would still be in the top bracket due to the scoring of the other variables. Id. at 5. The Court adjusted Offense Variable 17 down to 5 points. Id.

Alysea Stilwell, the adult victim, spoke on behalf of her three-year-old daughter who was killed in the crash, and her two-year-old nephew, who she said suffered life-long injuries. She emphasized the irreversible and substantial harm caused to her family by Petitioner's conduct. Id. at 7-8. The prosecutor sought the maximum possible sentence of 10 to 15 years. Id. at 9.

In imposing sentence, the trial court noted the severity of the harm caused by Petitioner, and the degree of Petitioner's recklessness. Id. at 12-14. The Court imposed the maximum possible 10 to 15 year sentence for the operating a vehicle while intoxicated - causing death conviction. Id. at 14.

After sentencing, Petitioner filed a claim of appeal in the Michigan Court of Appeals that raised one claim:

> I. The judge's decision to disregard the guidelines range and impose the maximum possible punishment was disproportionate to the

offender, whose criminal history consisted of just two misdemeanor convictions, and also to the offense. Defendant-Appellant Ieshia Barnes must be resentenced.

The Michigan Court of Appeals affirmed Petitioner's sentence in an unpublished opinion, rejecting the claims on the merits. *Barnes*, 2017 WL 2791049, at *1. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Barnes*, 906 N.W.2d 777 (Mich. 2018) (Table).

## II. Analysis

Petitioner's *exhausted* claim—the claim she presented to the state courts on direct appeal—is not cognizable on federal habeas review. On direct review, Petitioner asserted only that her 10 to 15 year sentence was disproportionately severe given her prior offense history of two misdemeanor offenses and the lack of prior drunk-driving offenses. The claim was based on Michigan law principles, and it did not rely on any federal constitutional law. See Dkt. 6-10, Application for Leave to Appeal, at 6-9.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). Federal courts have no power to intervene on the basis of a perceived error

of state law. *Wilson*, 562 U.S. at 5; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claims concerning the improper application of state sentencing law are state-law claims, and they typically are not cognizable in habeas corpus proceedings. See *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Michigan's proportionality rule, invoked by Petitioner here, does not present a federal claim. See, e.g., *Lunsford v. Hofbauer*, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). Accordingly, as it was presented to the state courts, Petitioner's claim does not raise a cognizable claim in this action.

Even if Petitioner invoked the Eighth Amendment on direct appeal and in her federal habeas petition, the claim would nevertheless be without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261

(6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and her sentence fell within the maximum penalty under state law. Nor is a 10 to 15 year sentence grossly disproportionate to her offense. Whether she had a prior record of such conduct or not, Petitioner chose to drive while intoxicated at a high rate of speed through a red light, striking a stationary vehicle and killing a small child. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Finally, Petitioner raises a claim that her counsel was ineffective for failing to challenge the scoring of the sentencing guidelines. This additional unexhausted claim fails for several reasons. First, it is insensitive to the record. Defense counsel did successfully challenge the scoring of the only reasonably debatable offense variable. See Dkt. 6-9, at 4-5. Next, because sentencing occurred under the advisory post-*Lockridge* regime, the sentencing court was not bound to follow the guideline range. See *People v. Lockridge*, 498 Mich. 358, 392 (2015). Finally, Petitioner has not specified which additional guideline scores her counsel should have objected to. Conclusory allegations of ineffective assistance of trial counsel do not state valid claims for federal habeas relief. See *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998)

The petition will therefore be denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to her claims because they are devoid of merit. Therefore, a certificate of appealability will be denied.

Petitioner is granted permission to appeal in forma pauperis because any appeal would not be frivolous. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS**

7

permission to appeal in forma pauperis.

**SO ORDERED.**

                                                 s/Arthur J. Tarnow
                                                 Hon. Arthur J. Tarnow
                                                 Senior United States District Judge

Dated: July 26, 2019